IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DION V. ZESSIN, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 8:07CV171 |
| | ) | |
| v. | ) | |
| | ) | |
| Y. SCOTT MOORE, Dr., M.D., and | ) | ORDER on INITIAL REVIEW |
| VIJAY DEWAN, Dr., M.D., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Dion V. Zessin, an inmate in the custody of the Lincoln Regional Center, who is proceeding pro se and in forma pauperis ("IFP"). In filing no. 2, the plaintiff moved for leave to proceed in forma pauperis ("IFP"), and in filing no. 8, the court granted the motion to proceed IFP and issued a "prisoner payment order" assessing the entire $350 filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), but allowing the plaintiff to pay the fee in installments.

However, the court erred in applying the PLRA to the plaintiff. The plaintiff is in the custody of the Lincoln Regional Center. The Prison Litigation Reform Act ("PLRA") does **not** apply to persons in custody pursuant to mental health commitment, as the definition of "prisoner" in the PLRA does not include a person involuntarily committed for reasons of mental health. *See, e.g., Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001). Accord *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000).

The prisoner payment order will be vacated; the Regional Center will be notified to cease collection of any filing fees from the plaintiff's trust account, and all fees received thus far will be refunded. The court apologizes to the plaintiff for the error.

### Initial Review

The plaintiff has sued the Lincoln Regional Center (LRC) and Dr. Scott Moore and Dr. Vijay Dewan, alleging that his civil rights were violated when he was forceably injected with antipsychotic medications.

### The Defendants

The complaint does not specify whether the defendants, Moore and Dewan, are sued in their "individual capacity," "official capacity," or both capacities. When not specified, the law presumes that a government employee is sued *only* in an official

capacity. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

### Meaning of "Official Capacity"

A suit against a public employee in his or her official capacity is actually a suit against the public employer. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Therefore, a claim against a State employee, in his or her official capacity, is in reality a claim against the State itself, as the entity that employs the officer. *See also Eagle v. Morgan*, 88 F.3d 620, 629 n. 5 (8th Cir. 1996) (*quoting Kentucky v. Graham*, 473 U.S. at 165 ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."))

### Amendment to the Complaint

Thus, presently, there is only one defendant in this case, the Lincoln Regional Center (LRC). That is because the defendants, in their official capacity, are the legal equivalent of the LRC. If suing the defendants, in their official capacity *only*, is not the plaintiff's intent, he may file a letter or short amendment to the complaint within 30 days of the date of this Order, specifying that the defendants are sued in their individual capacity or in both their individual and official capacities. If the plaintiff does amend his complaint to sue the defendants in their individual capacity or in both capacities, he shall request additional summons forms and Form 285s. That is because government employees are served in different locations in their individual and official capacities

**Service Of Process**

This case is assigned to the docket of District Judge Laurie Smith Camp. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. That filing no. 2, the plaintiff's Motion for Leave to Proceed In Forma Pauperis, is granted, but filing no. 8, the Prisoner Payment Order, is vacated, as the Prison Litigation Reform Act does not apply to the plaintiff;

2. That the plaintiff's institution and all future institutions with custody of the plaintiff shall cease collections immediately of any filing fee for the above-entitled litigation;

3. That the Clerk of Court shall **immediately** refund to the plaintiff's trust account at the Lincoln Regional Center all funds received as payment toward the filing fee in this case (e.g., $30.00);

   4. That the Clerk of Court shall refund all funds received in the future, if any, attributable to the filing fee for the above-entitled case; and

   5. The plaintiff may file a letter or short amendment to the complaint within 30 days of the date of this Order, specifying that the individual defendants are sued in their individual capacity or in both their individual and official capacities;

   6. To obtain service of process on the defendant, the plaintiff must complete and return forms which the Clerk of Court will provide.  The Clerk of Court is directed to provide the plaintiff with one summons and one Form 285 and a copy of this order;

   7. In completing the forms, the plaintiff shall comply with Neb. Rev. Stat. § 25-510.02(2), which states in pertinent part:   "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General."

The  address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509;

   8. The plaintiff shall, as soon as possible, send the completed summons and 285 form back to the Clerk of Court.  In the absence of the completed forms, service of process cannot occur;

   9. Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The court will copy the complaint for the Marshal, as the plaintiff is proceeding IFP.  The Marshal shall serve the summons and complaint without payment of costs or fees.  Service may be by mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal;

   10. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint.  However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, sua sponte, an extension of time until 60 days from the date of this order in which to return the completed forms for service of process.  The plaintiff is hereby notified that failure return the completed forms by that deadline may result in dismissal of this matter without further notice;

   11. If the forms for service of process have not been returned by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court;

   12. After an appearance has been filed by the defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court.  Parties usually serve copies of documents on other parties by first class mail;

13.     The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant or to the attorney of any represented defendant. To send communications to the court without sending a copy to the other parties to the case violates the rules of court;

14.     A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to the complaint;

15.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court in the prosecution of this case;

16.     The plaintiff shall keep the court informed of his current address at all times while this case is pending.

DATED this 22nd day of June, 2007.

BY THE COURT:


s/ F.A. Gossett
United States Magistrate Judge