## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DION V. ZESSIN**, | ) | **CASE NO. 8:07CV0171** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **Y. SCOTT MOORE, and** | ) | |
| **VIJAY DEWAN**, | ) | |
| | ) | |
| **Defendants.** | ) | |

The plaintiff has filed a motion to appoint counsel, Filing No. 5, and a motion for injunctive relief, Filing No. 7. The plaintiff's complaint alleges he is being held in the Lincoln Regional Center ("LRC"), and is receiving injections of anti-psychotic medications against his will and in violation of his constitutional rights. Filing No. 1. Reading his complaint liberally, the plaintiff alleges the named defendants are employed as physicians at the Lincoln Regional Center and have violated his civil rights by prescribing these anti-psychotic medications and instructing the LRC staff to administer them to the plaintiff by force if necessary.

The plaintiff filed a supplement to this complaint. Filing No. 9. Attached to that supplement is a copy of the order entered by the District Court of Dodge County, Nebraska, on April 30, 2007. The plaintiff apparently is facing criminal charges filed by Mark Boyer on behalf of the Dodge County Attorney's Office. The defendant is represented by attorney Robert Keith in that case. The Dodge County Court's order states:

> In an effort to assist Mr. Zessin in becoming competent to stand trial, administration of antipsychotic medication, as prescribed by Dr. Louis C. Martin, is granted; and furthermore such reasonable and necessary medication may be administered involuntarily.

Filing No. 9, p. 2. Under Nebraska law, a trial court order requiring a defendant involuntarily to receive medication in order to render him competent to stand trial is immediately appealable to the Nebraska appellate courts. See e.g. State v. Baker, 245 Neb. 153, 511 N.W.2d 757 (1994).

The plaintiff's complaint requests an award of damages from the physicians prescribing and supervising the administration of antipsychotic medications to the plaintiff. His motion for temporary injunction asks the court to enjoin any further forced injection of antipsychotic medications. The plaintiff claims he is not a harmful or dangerous person, does not display symptoms of psychosis, and does not need treatment with anti-psychotics. He claims the order of the Dodge County Court mandating antipsychotic treatment is the result of fraud perpetrated on that court. Filing No. 7.

The plaintiff seeks a federal court order enjoining the enforcement of a state court ruling and seeks damages from those who are implementing the Dodge County District

Court order. The defendant is represented by counsel in that forum, and defendant's counsel was present to represent defendant's interests during the April 30, 2007 hearing.

Having considered both the plaintiff's initial complaint and his supplemental complaint, I find this court lacks subject matter jurisdiction over this case. Under the Rooker-Feldman doctrine,[1] federal district courts generally lack subject matter jurisdiction over suits that are, in substance, appeals from state-court judgments. See Mosby v. Ligon, 418 F.3d 927, 931 (8th Cir. 2005). "The basis for the Rooker/Feldman doctrine is that, other than in the context of habeas claims, federal district courts are courts of original jurisdiction, and by statute they are precluded from serving as appellate courts to review state court judgments, as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257." Dornheim v. Sholes, 430 F.3d 919, 923 (8th Cir. 2005). See Mosby, 418 F.3d at 931-32 (holding Rooker-Feldman divested the federal district court of jurisdiction over a state disciplinary committee ruling where that ruling was subject to review by that Arkansas Supreme Court); Alexander v. DaimlerChrysler Servs. N. Am., L.L.C., 2006 U.S. App. LEXIS 8004 (8th Cir. 2006)(holding pro se plaintiff's claims were barred by Rooker-Feldman because they either had been or could have been resolved by the state courts before the plaintiff filed his federal action).

"[I]f a litigant has raised and lost claims in state court, he may not recast those claims under section 1983 and try again. He must follow the appellate procedure through the state courts and seek review before the Supreme Court." Prince v. Arkansas Bd. of Examiners in Psychology, 380 F.3d 337, 340 (8th Cir. 2004)(holding Rooker-Feldman barred § 1983 action where the plaintiff sought to relitigate constitutional claims raised before a state trial court but not ruled on by the state appeals court due to the plaintiff's voluntary dismissal of the appeal). Here, the underlying legal basis of the plaintiff's § 1983 claim was raised and litigated in the course of his state criminal proceedings, and he had the right to appeal the state trial court's order requiring him to involuntarily receive antipsychotic medication. Under such circumstances, this court cannot, in essence, serve as an alternative state appellate court by exercising jurisdiction over the plaintiff's claims.

Even assuming this court has subject matter jurisdiction, the court must abstain under Younger v. Harris, 401 U.S. 37 (1971). Younger abstention "does not arise from lack of jurisdiction in the District Court, but from strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already been commenced." Ohio Civil Rights Com'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 626 (1986). The motivating force behind Younger abstention is the promotion of comity between state and federal judicial bodies. Aaron v. Target Corp., 357 F.3d 768, 774 (8th Cir. 2004). Under Younger, a federal court should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism. Aaron, 357 F.3d at 774. Accordingly, abstention under Younger is appropriate where: (1) there are ongoing state judicial

---

[1] See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415, 416 (1923).

2

proceedings; (2) those state proceedings implicate important state interests; (3) the federal litigation will interfere with the state proceedings; and (4) the state proceedings provided the federal plaintiff with an adequate opportunity to raise the federal claims. Norwood v. Dickey, 409 F.3d 901, 903 (8th Cir. 2005)(citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431-32 (1982)).

The plaintiff's state criminal proceeding is ongoing, and traditional principles of equitable restraint bar federal courts from enjoining pending state criminal proceedings except under extraordinary circumstances. Younger, 401 U.S. at 45. The litigation of plaintiff's § 1983 complaint against defendants Moore and Diwan will interfere with the state criminal proceedings. Based on the state court order of record, the plaintiff was represented by counsel at the April 30, 2007 hearing, and the state court is fully competent to consider the plaintiff's federal constitutional claims. Under Younger, this court must abstain from this action seeking to enjoin the defendants from administering antipsychotic medications in accordance with the order of the District Court of Dodge County, Nebraska.

The plaintiff also seeks damages from the named defendants. Though Younger abstention is typically regarded as applying to federal claims for injunctive relief, where the plaintiff's claim for damages under 42 U.S.C. § 1983 necessarily rests on a determination that the state court's order is unconstitutional and its enforcement must be enjoined, a damage claim against the individual state officers enforcing that law "would be fully as intrusive as the equitable actions that are barred by principles of comity." Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 113 (1981). The principles of comity embodied in Younger require dismissal of § 1983 damage claims where the damage claims and the equity claims are inextricably intertwined, both depending on the constitutionality of the state law being enforced. Caldwell v. Camp, 594 F.2d 705, 708 (8th Cir. 1979).

Accordingly,

IT IS ORDERED:

1. The above-entitled case and the plaintiff's complaint are dismissed for lack of subject matter jurisdiction or, in the alternative, on the basis of Younger abstention; and

2. Judgment will be entered in accordance with this Memorandum and Order.

Dated this 13th day of August, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge